STARFIELD & SMITH, PC
ATTORNEYS AT LAW

1300 VIRGINIA DRIVE, SUITE 325, FORT WASHINGTON, PA 19034
PHONE: 215-542-7070 • FAX: 215-542-0723
www.starfieldsmith.com

March 15, 2013

Magistrate Judge Robert M. Levy
United States District Court
Eastern District of New York
2255 Cadman Plaza East
Brooklyn, NY 11201

**RE: PEI Licensing, Inc. v. Di-Med International, Inc., et al.**
**United States District Court for the Eastern District of New York**
**Civil No. 11-0153 (JBW) (RML)**

Dear Magistrate Judge Levy:

This firm represents Angie's Shoes & Leather Goods, Inc. ("Angie's"), defendant and third-party plaintiff in the captioned proceeding. Angie's seeks an order directing third-party defendant Geoffrey Allen Corporation to provide full and complete responses, without objection, to Angie's Shoes and Leather Goods, Inc.'s Second Set of Interrogatories Directed to Third Party Defendant Geoffrey Allen Corporation (the "Interrogatories"), a copy of which is attached hereto as Exhibit A.

On February 7, 2013, Angie's served the Interrogatories on Geoffrey Allen Corporation ("GAC"). The Certificate of Service is attached to Exhibit A, and a copy of the email to which the Interrogatories were attached is appended hereto as Exhibit B. GAC's response to the Interrogatories was due to be served on Angie's no later than March 11, 2013. GAC failed to serve its response or to request an extension by March 11. On March 12, counsel for Angie's emailed counsel for GAC informing GAC of the missed deadline, taking the position that GAC had waived its right to object to the Interrogatories, but expressing a willingness to agree to a brief extension to GAC for so long as full and complete responses, without objection, were provided. Exhibit C.

On March 14, 2013, counsel for GAC sent an email requesting an extension until April 18, 2013, to respond to the Interrogatories, without any explanation why this amount of time is reasonable or needed, and without addressing Angie's demand that GAC agree to provide full and complete responses, without objection. Exhibit D. We responded promptly, denying the request but stating a willingness to agree to an extension until March 25, 2013, for so long as the

responses are full and complete without objections. Exhibit E. As of the filing of this letter, no further response on behalf of GAC has been received.

GAC should be ordered to serve full and complete answers to the Interrogatories, without objection, on or before March 25, 2013. The Interrogatories are simple and straight forward. There are only two of them: the first requesting the identities of the owners of GAC, and the second requesting the identities of and information about its employees during the relevant time period. This information should be readily available. There is no reason this information could not have been provided by the date on which the Interrogatory responses were due. This information is needed, in part, because GAC never provided Rule 26(a)(1)(A) disclosures in this case. Moreover, there is a third party deposition scheduled for April 8, 2013, and the responses to the Interrogatories may be useful in preparing for and taking this deposition. Additionally, sufficient time is needed before fact discovery closes on June 24, 2013, for Angie's to use this information, including finding former employees, serving them with deposition subpoenas, and taking their depositions. Lastly, by failing to serve timely responses, GAC has waived whatever right it may have had to object to these interrogatories.

Consequently, Angie's requests that an Order be issued directing GAC to serve full and complete responses to the Interrogatories, without objection, on or before March 25, 2013.

Respectfully,

Norman E. Greenspan

cc. Robert H. Yu, Esquire (Via Email)
Roxane G. Elings, Esquire (Via Email)
Charles LeGrand, Esquire (Via Email)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

PEI LICENSING, INC.,

Plaintiff,

v.

DI-MED INTERNATIONAL INC.; ANGIE'S SHOES AND LEATHER GOODS, INC.; JOHN DOES 1-10; JANE DOES 1-10; and XYZ COMPANIES 1-10

Defendants.

ANGIE'S SHOES AND LEATHER GOODS, INC.,

Third Party Plaintiff,

v.

GEOFFREY ALLEN CORPORATION

Third Party Defendant.

CIVIL ACTION NO. 11-0153 (JBW)(RML)

**ANGIE'S SHOES AND LEATHER GOODS, INC.'S SECOND SET OF INTERROGATORIES DIRECTED TO THIRD PARTY DEFENDANT GEOFFREY ALLEN CORPORATION**

Defendant and Third Party Plaintiff Angie's Shoes and Leather Goods, Inc. ("Angie's"), by and through its undersigned counsel, hereby serves the following interrogatories upon Third Party Defendant Geoffrey Allen Corporation to be answered fully and completely, under oath, within thirty (30) days, in accordance with the Federal Rules of Civil Procedure. Your answers shall be based upon all information available to you, either directly or through your attorney(s), servant(s), representative(s), or other source.

**DEFINITIONS**

1. As used herein, "you", "your", or "Geoffrey Allen" means the Third Party

EXHIBIT
A

Defendant Geoffrey Allen Corporation, its parent(s), subsidiaries, predecessors, successors, affiliates, agents, principals, investigators, consultants, representatives and employees, past and present, and, unless privilege claimed, each and every attorney, past and present, of Geoffrey Allen.

2. As used herein, the word "person" means natural persons, groups of natural persons acting as individuals, groups of natural persons acting in a collegial capacity (*e.g.*, as a committee, board of directors, etc.), corporations, partnerships, joint ventures and any other incorporated or unincorporated business or social entities, and all administrative committees, hearing boards, and/or decision-making bodies.

3. As used herein, the terms "officers," "agents," "employees" and any other such designation means any person serving at any relevant time in any such capacity even though no longer serving in such capacity.

4. "Identify," when used with respect to a natural person means to:

a. State his or her name;

b. State his or her current or last known residence address and telephone number;

c. State his or her current or last known business address and telephone number; and

d. State his or her email addresses.

**INTERROGATORIES**

1. For the period January 1, 2003, to the present, identify each person who owned any shares of stock Geoffrey Allen, or who otherwise had any ownership interest in Geoffrey Allen, and for each such Geoffrey Allen shareholder or owner, set forth:

    (a) The percentage ownership interest that person held in the company;

(b) The relationship between that person and any other person employed by Geoffrey Allen during the same time period, and identify that other person.

2. For the period January 1, 2003, to the present, identify each person who was employed by Geoffrey Allen, and for each person identified set forth:

(a) Their job title;

(b) A description of their job, including all responsibilities;

(c) The date that the person's employment with Geoffrey Allen began and ended; and

(d) The identity of that person's immediate superior in the company (i.e., the person to whom the employee reported).

STARFIELD & SMITH, P.C.

Norman E. Greenspan (admitted *pro hac vice*)
1300 Virginia Drive, Suite 325
Fort Washington, PA 19034
215-542-7070
215-542-0723 FAX
NGreenspan@StarfieldSmith.com

*Attorneys for Defendant/Third Party Plaintiff ANGIE'S SHOES AND LEATHER GOODS, INC.*

Dated: February 7, 2013

**CERTIFICATE OF SERVICE**

I hereby certify that Angie's Shoes And Leather Goods, Inc.'s Second Set Of Interrogatories Directed To Third Party Defendant Geoffrey Allen Corporation have been served by email on the following:

Roxanne Elings (roxanneelings@dwt.com)

Charles LeGrand (CharlesLeGrand@dwt.com)

Robert Yu (Ryu@RobertYuLLC.com)

Date: February 7, 2013

Norman E. Greenspan, Esquire

**Norman Greenspan**

**From:** Norman Greenspan
**Sent:** Thursday, February 07, 2013 4:27 PM
**To:** 'ryu@robertyullc.com'
**Cc:** Elings, G. Roxanne; 'LeGrand, Charles'
**Subject:** PEI v. Angie's v. Geoffrey Allen
**Attachments:** Second Set of Interrogs (00671538).PDF

Robert:

Attached please find Angie's second set of interrogatories directed to defendant Geoffrey Allen.

Regards,
Norman

**Norman E. Greenspan, Esquire**
email | vcard | bio | map | website

Right-click here to download pictures. To help protect your privacy, Outlook prevented automatic download of this picture fro

**1300 Virginia Drive, Suite 325**
**Fort Washington, PA 19034**
**Direct Dial: 215-390-1025**
Telephone: 215-542-7070
Facsimile: 215-542-0723
ngreenspan@starfieldsmith.com

**EXHIBIT B**

**Norman Greenspan**

**From:** Norman Greenspan
**Sent:** Tuesday, March 12, 2013 10:13 AM
**To:** 'ryu@robertyullc.com'
**Cc:** 'LeGrand, Charles'; Elings, G. Roxanne
**Subject:** PEI v. Angie's v. Geoffrey Allen
**Attachments:** Second Set of Interrogatories to Geoffrey Allen (00671545).MSG

Robert:

On February 7, 2013, you were served by email with Angie's Second Set of Interrogatories directed to Geoffrey Allen Corporation. A copy of my February 7, 2013, email by which the interrogatories were served is attached. The responses to these interrogatories were due to be served on Angie's no later than yesterday, Monday, March 11, 2013. However, no response to these interrogatories has been received, and no extension of the period of time within which the interrogatories are to be answered has been requested. Consequently, it is Angie's position that any objection that Geoffrey Allen Corporation may have to these interrogatories has been waived. Full and complete responses, without objection, are overdue. Absent agreement on another date, if full and complete responses to these interrogatories have not been received on or before March 18, 2013, Angie's will move to compel.

Regards,
Norman

**Norman E. Greenspan, Esquire**
email | vcard | bio | map | website

Right-click here to download pictures. To help protect your privacy, Outlook prevented automatic download of this picture fro

**1300 Virginia Drive, Suite 325**
**Fort Washington, PA 19034**
**Direct Dial: 215-390-1025**
Telephone: 215-542-7070
Facsimile: 215-542-0723
ngreenspan@starfieldsmith.com

**EXHIBIT C**

**Norman Greenspan**

---

**From:** crew@robertyullc.com
**Sent:** Thursday, March 14, 2013 12:51 PM
**To:** Norman Greenspan
**Cc:** ryu@robertyullc.com; charleslegrand@dwt.com; roxanneelings@dwt.com
**Subject:** PEI v. Angie's v. Geoffrey Allen

Dear Mr. Greenspan:

This will respond to your email dated March 12, 2013 relating to Angie's Second Set of Interrogatories to Geoffrey Allen Corporation ("GAC"). I will be working with Mr. Yu on this matter. Please confirm whether you are willing to extend GAC's time to respond to April 18, 2013.

Thank you

Crew Schielke, Esq.
Robert Yu, LLC

201-500-5490

EXHIBIT
D

**Norman Greenspan**

**From:** Norman Greenspan
**Sent:** Thursday, March 14, 2013 2:12 PM
**To:** 'crew@robertyullc.com'
**Cc:** ryu@robertyullc.com; charleslegrand@dwt.com; roxanneelings@dwt.com
**Subject:** RE: PEI v. Angie's v. Geoffrey Allen

Dear Mr. Schielke:

I am in receipt of your email requesting an extension to respond to Angie's Second Set of Interrogatories until April 18, 2013. We will not agree to such a long extension.

Angie's Second Set of Interrogatories consists of just two interrogatories, the first requesting the identities of Geoffrey Allen Corporation's owners, and the second requesting the identities of Geoffrey Allen's employees during a defined period of time. There is no reason why this information is not readily available. Your request for an extension of time of more than five weeks after the responses were due to be served is unnecessary and not reasonable. Moreover, there is a deposition in this case scheduled for April 8, where the responses to the interrogatories may be useful. Additionally, fact discovery in this case closes on June 24, 2013, and we are entitled to sufficient time to use the information provided well in advance of the discovery cut-off. Your proposed date does not allow enough time.

We are willing to agree to an extension of two weeks from the day that the responses were due. The responses were due on March 11, so we are willing to agree to an extension until March 25, 2012, for so long as the responses are full and complete without any objections. Please let me know if you agree to serve full and complete responses without objection by March 25, 2012.

Regards,
Norman

**Norman E. Greenspan, Esquire**
email | vcard | bio | map | website

**1300 Virginia Drive, Suite 325**
**Fort Washington, PA 19034**
**Direct Dial: 215-390-1025**
Telephone: 215-542-7070
Facsimile: 215-542-0723
ngreenspan@starfieldsmith.com

---

**From:** crew@robertyullc.com [mailto:crew@robertyullc.com]
**Sent:** Thursday, March 14, 2013 12:51 PM
**To:** Norman Greenspan
**Cc:** ryu@robertyullc.com; charleslegrand@dwt.com; roxanneelings@dwt.com
**Subject:** PEI v. Angie's v. Geoffrey Allen

Dear Mr. Greenspan:

This will respond to your email dated March 12, 2013 relating to Angie's Second Set of Interrogatories to Geoffrey Allen Corporation ("GAC"). I will be working with Mr. Yu on this matter. Please confirm whether you are willing to extend GAC's time to respond to April 18, 2013.

Thank you

Crew Schielke, Esq.
Robert Yu, LLC

**EXHIBIT**
**E**